IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF Alabama
NORTHERN DIVISION

RECEIVED
2006 MAR 28 A 9:49

TONY MURRAY, #129256
Plantiff,

V.

MS. VELINDA WETHETHERLY.

CASE NO. 2:05-CV-1240 MEF

MOTION AND OPPOSITION
TO DEFENDANT Special REPORT.

FROM THE UNITED STATES MAGISTRATE JUDGE ORDER DATE, MARCH 2, 2006, and MARCH 6, 2006.

THE UNITED STATES MAGISTRATE JUDGE ORDERED THE DEFENDANTS RESPONSE TO THE COMPLAINT. THE JUDGE ORDER READS: ORDER FOR Good Cause, IT IS

ORDERED THAT ON OR BEFORE MARCH 16, 2006 DEFENDANT WEATHERly Shall FILE AN AFFIDAVIT REGArding heR Knowledge of THE subject Matter of THE Instant Complaint and Any Evidentiary Material SHE deems PERtinent IN Relation thereto. SEE Magristrate Judge ORDER DAte MARCH 2, 2006. (THEREAFTER THE Defendant Velinda WEATHERly Filed HeR Special Report Without Affidavit REGArding HER Knowledge of THE Subject Matter of the Instant Complaint And did NOT PRESENT Any Evidentiary Material SHe deems Pertinent IN Relation thereto, (SEE DEFENDANT Special Report)

(1)

The Magistrate Judge thereafter ordered the Plantiff, which the order Reads, "The Magistrate Judge has Reviewed the Special Report and supporting Evidentiary Materials Filed by the Defendant, Report Supporting, (DOC. NOS 5,7,) And determined that Plantiff Must file A Response in opposition To such pleadings, Accordingly, It is ordered That on or before March 27, 2006 Plantiff shall file A Response To The Written Report (SEE THE Magistrate Judge Order Date March 6, 2006)"

The Court Order States, If Plaintiff fails To File A Response As Required by This order, The Court will Treat the Failure To Respond As An Abandonment of the claims set forth In the Complaint And As A failure To Prosecute This Action (SEE Magistrate Judge order Date March 6, 2006) The Defendant Velinda Weatherly Special Report Alleged. Murray Alleges That Weatherly Made Statements during A Parole Hearing To The Effect That Murray "Ran" The Prison Where He is Confined and That The Prison Guards Are Afraid of Him. Murray Contends That This Deprived Him of liberty Without Affording him due process of law by depriving Him of A "Fair" Chance At Parole. (See The Special Report on Page 1.)

(2)

The Plantiff understanding the Right to a Parole is a Privilege granted by the People of Alabama to those Committed to Penal Institutions as Punishment for Crimes. See Ellard v. State, 474 So.2d 743 (Ala. Crim. App. 1984), Aff'd, 474 So.2d 758 (Ala. 1985).

The Plantiffs understands Alabama Parole statutes Do Not Create a "liberty" "Interest" entitled to Protection under due Process Clause of either the United States or the State Constitution. Ellard v. State, 474 So.2d 743 (Ala. Crim. Appl. 1984), See Ellard v. Alabama Bd. of Pardons and Paroles, 824 F.2d 937 11th Cir, 1987 Cert, denied, 485 US, 981, 108 S. Ct, 1280 99 L.Ed. 2d 491 (1988).

The Defendant Weatherly Argues That Murray is Seeking Monetary Damages from Weatherly for Actions taken on the bench during the hearing held to Decide Whether Parole should be Granted, she is Absolutely immune From Suit For these Acts. (See Special Report at P.1)

Plantiffs understand The Alabama Statute Calls for Discretionary Rather than mandatory Action on the Part of the Parole Board. The law Directs The Board to Consider A Number of Factors In making their Determination, which, is Subjective Rather Than objective determination. It does Not Contain any language that mandates Parole When the Statute is Framed in Discretionary Terms There is Not A liberty Interest Created.

Ellard v. State, 474 So. 2d 958 (Ala. 1985), See Ellard v. Alabama Bd. of Pardons and Paroles. 824 F. 2d 937 11th Cir, 1987, Cert, Denied, 485 U.S. 981, 108 S. Ct. 1280, 99 L. ED. 2d 491 (1988).

The Defendants Special Report stated that None of Weatherlys Alleged Actions violate clearly Established law. A Reasonable Parole Board member would not know that it is unconstitutional to have an opinion about a Prisoner based on his prior history. She is qualified to and entitled to Immunity. (See Special Report of Defendant at P.1) The Paroling Authority must comply with Constitutional Requirements and may not determine Parole Eligibility on Improper Grounds. Andrus v. Lambert, 424, So. 2d. 5 (1982) Plantiff Murray was Denied Fair Decision for Parole on False Insufficient, or Capricious Reasons, The Defendant Velinda Weatherly supported False Information, Board violated due Process, Board, by Relying on False Information in a Prisoners File in order to deny him Parole in a minimum Security Classification, Exceeded its Authority under this Section and Treated him Arbatrarily and Capriciously in Violation of Doe Process. Monroe v. Thigpen, 932 F. 2d 1437 (11th Cir. 1991) Plantiff Murray Claiming all witnesses Testimony or Statements in the Affidavit that is Attached to the Plantiff Response to the Defendant special Report. The Defendant Weatherly did engage in flagrant or unauthorized action. Monroe v. Thigpen, 932. F. 2d 1437 (1991)

(4)

The Defendant Weatherly fails to support any Disciplinary Record. The Magistrate Judges order stated, If Plaintiff fails to respond to the Writings Report with respect to each of the claims raised in his complaint, the Court will treat this as an abandonment of these claims and shall proceed as Justice Requires. (See Magistrate Judge Order at P.I.). The Defendant only supported three pages special report there was not any Affidavit supporting personal knowledge. Set forth such facts as would be admissible in evidence, and did not show affirmatively that Affiant is competent to testify to the matters stated in the affidavit or Special Report. (See Plaintiff Affidavit from his witnesses attachment to his opposition). EXH. "A"

The Plaintiff is requesting this Honorable Court award Plaintiff his request in his 42 U.S.C 1983 Complaint.

Plaintiff Declare under Penalty of Perjury that the foregoing is true and correct (28 U.S.C. 1746)
           EXECUTED ON  MARCH 23, 2006

_Tony M. Murray #129256_
SIGNATURE OF PLAINTIFF(S)

There is no Notary Person at this time at Easterling Correctional Facility.

5

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on MARCH 23, 2006, I MAILED THIS foregoing IN Easterling Correctional Facility Post Office TO THE Following:

HUGH DAVIS Deputy Attorney General Alabama Board of Pardons And Paroles P.O. Box 302405 301 S. Union Street Montgomery, AL. 36130

Tony M. Murray #129256
TONY MURRAY #129256
Easterling Corr. Fac.
200 Wallace Drive
Clio, Alabama 36017

6