IN the United States District Court
For the Middle District of ALABAMA
Northern Division

2006 OCT 30 A 9:52

Tony Murray #129256   *
    Plaintiff,        *
V.                    *   Case No: 2:05-CV-1240-MEF
Ms. Velinda Weatherly *
    Defendant.        *

## Motion and Opposition To Defendant Special Report.

From the United States Magistrate Judge Order Date, March 2, 2006 And March 6, 2006 The United States Magistrate Judge Order the Defendant Response To the Complaint.
The Judge Order Read:

### ORDER

For good Cause, it is Ordered that on or before March 16, 2006 Defendant Weatherly Shall file an Affidavit Regarding her knowledge of the Subject Matter of the Instant Complaint And Any Evidentiary Material She deems Pertinent in Relation thereto. See Magistrate Judge Order Date March 2, 2006. (Thereafter the Defendant Velinda Weatherly Filed Her Special Report without Affidavit Regarding Her knowledge of the Subject Matter of the Instant Complaint And did Not Present Any Evidentiary Material She deems Pertinent In Relation thereto, (See: Defendant Special Report)
The Magistrate Judge thereafter Order the Plaintiff, Which the Order Reads:

(1)

The Magistrate Judge has Reviewed the Special Report And Supporting Evidentiary Materials Filed by Defendant (Doc. Nos. 5, 7,) And determined that Plaintiff must File A Response in opposition To Such Pleadings, Accordingly, it is ordered that on or before March 27, 2006, Plaintiff Shall File A Response To the Written Report. (See the Magistrate Judge order Date March 6, 2006).

> The Court order states, If Plaintiff Fails To File A Response As Required by this order, the Court will Treat the Failure To Response As An Abandonment of the Claims Set-Forth in the Compliant And As A failure To Prosecute this Action. (See the Magistrate Judge order Date March 6, 2006).

The Defendant Velinda Weatherly Special Report Alleged; Murray Alleges that Weatherly Made Statements during A Parole hearing To the Effect that Murray "Ran" the Prison where he is Confined And that Prison Guards Are Afraid of him. Murray Contends that this deprived him of Liberty without Affording him due process of Law by depriving him of A "Fair" Chance At Parole. (See the Special Report AT P.1.)

The Plaintiff understand the Right To A Parole is A Privilege Granted by the People of Alabama To those Committed To the Penal Institutions As Punishment For Crimes. See: Ellard V. State, 474 So. 2d 743 (Ala. Crim.

(2)

App. 1984), Aff'd, 474 So. 2d 758 (Ala. 1985) The Plaintiff's understand Alabama Parole Statutes do not create a "Liberty Interest" entitled to protection under the due process clause of either the United States or the State Constitution. Ellard v. State, 474 So. 2d 243 (Ala. Crim. App. 1984), But see Ellard v. Alabama Bd. of Pardons and Parolees. 824 F.2d 937 11th Cir, 1987, Cert. denied, 485 U.S. 981, 108 S. Ct. 1280, 99 L. Ed. 2d 491 (1988).

The Defendant Weatherly, argues that Murray is seeking monetary damages from Weatherly for actions taken on the bench during the hearing held to decide whether parole should be granted, she is absolutely immune from suit for these acts. (See Special Report at p.1).

Plaintiff's understand the Alabama Statute calls for Discretionary rather than mandatory action on the part of the Parole Board. The law Directs the Board to Consider a number of factors in making their determination, which is a Subjective rather than objective determination. It does not contain any language that mandates parole when the statute is framed in discretionary term, there is not a Liberty Interest created. Ellard v. State, 474 So. 2d 758 (Ala. 1985). See Ellard v. Alabama Bd. of Pardons and Parolees. 824 F.2d 937, 11th Cir, 1987, Cert. Denied, 485 U.S. 981, 108 S. Ct. 1280, 99 L. Ed. 2d 491 (1988).

The Defendant Special Report stated **none** of Weatherly's alleged actions **Violate Cl**

(3)

established law. A reasonable Parole Board member would not know that it is unconstitutional to have an opinion about a prisoner based on his prior history. She is entitled to qualified immunity. (See the Special Report of Defendant at P.1). The Paroling Authority must comply with Constitutional Requirements and may not determine parole eligibility on improper grounds. Andrus v. Lambert, 424 So. 2d 5 (1982). Plaintiff Murray was denied fair decision for parole on false insufficient, or capricious reasons.

The Defendant Velinda Weatherly supported false information, Board violated due process by relying on false information in a prisoner's file in order to deny him parole in a minimum security classification exceeded its authority under this section and treated him arbitrarily and capriciously in violated of due process. Monroe v. Thigpen, 932 F 2d 1437 (11th Cir. 1991). Plaintiff Murray claiming all his witnesses testimony or statements in the affidavit that is attached to the Plaintiff response to the Defendant Special Report. The Defendant Weatherly did engage in flagrant or unauthorized action. Monroe v. Thigpen, 932, F.2d 1437 (1991).

Respectfully Submitted
/s/ Tony Murray
Tony Murray

(4)

## CERTIFICATE OF SERVICE

I Do hereby swear under the penalty of perjury, that I have serve a copy of this Motion on Clerk of the United States District Court - For the Middle District of Alabama Northern Division by placing a copy in the U.S. Mail postage prepaid and correctly addressed.

Done this 26th day of October, 2006

Respectfully Submitted,
/s/ Tony M. Murray 12525

(5)