IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| TONY MURRAY, #129 256 | * | |
| Plaintiff, | * | |
| vs. | * | 2:05-CV-1240-MEF |
| | | (WO) |
| MS. VELINDA WEATHERLY | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Tony Murray ["Murray"], a state inmate, filed this 42 U.S.C. § 1983 action on December 30, 2005. The named defendant to this cause of action is Velinda Weatherly. Murray complains of adverse actions related to the denial of his request for parole which occurred on July 11, 2005.

In accordance with the orders of the court, Defendant filed a special report and supporting evidentiary material in response to the allegations contained in the complaint. (*Doc. Nos. 5, 7*.) The court then informed Murray that Defendant's special report may, at any time, be treated as a motion for summary judgment, and the court explained to Murray the proper manner in which to respond to a motion for summary judgment. Murray filed a response to the special report filed by Defendant.[1] (*Doc. No. 9*.) This case is now pending

---

[1] Murray filed another opposition to Defendant's dispositive motion on October 30, 2006. (*See Doc. No. 14*.) The court directed that the pleading be stricken from the record for Murray's failure to serve Defendant's attorney of record with a copy of his opposition as directed by order filed January 24, 2006. (*See*

on Defendant's motion for summary judgment. Upon consideration of the motion, the evidentiary materials filed in support thereof, and Murray's opposition to this motion, the court concludes that Defendant's motion for summary judgment is due to be granted.

## I. FACTS

Prior to her appointment to the Alabama Board of Pardons and Paroles, Defendant worked as a probation and parole officer in Jefferson County, Alabama, and before then, she served as a classification specialist at the Donaldson Correctional Facility in Bessemer, Alabama. During her employment at the Donaldson Correctional Facility, Murray was an inmate at that institution. Thus, at the time of Murray's July 2005 parole hearing, Defendant had some familiarity with Murray's criminal background including the fact that Murray is currently serving a thirty-year prison term following his conviction for manslaughter for shooting and killing a security officer during an armed robbery. At the time he committed that offense, Murray was on parole. Prior to his manslaughter conviction, Murray had committed other violent felonies one of which was committed while he was in prison. Murray also has an extensive prison disciplinary record. (*Doc. Nos. 5, 7*.)

Murray's criminal history and institutional record were matters discussed at his July 2005 parole hearing. While not recalling specific details of the matters discussed at the hearing, Defendant affirms that she was not persuaded that Murray would be a good

---

*Doc. No. 3 at ¶4(a)*.) Notwithstanding the fact that the pleading was stricken from the record, the court notes that it was a verbatim copy of pages 1 through 4 of Murray's March 28, 2006 opposition. (*See Doc. No. 9*)

candidate for parole due to his personal history, his criminal history, and his institutional behavior. Defendant further states that she is not convinced that Murray's release on parole would even be a benefit for his family some of whom provided testimony at the hearing in support of their belief that Murray was a good parole candidate. Simply put, Defendant, along with her two fellow parole board members found that Murray's demonstrated inability to comply with the most basic prison rules and his history of violent crime made him an unsuitable prospect for parole. (*Doc. Nos. 5, 7*.)

## II. STANDARD OF REVIEW

To survive Defendant's properly supported motions for summary judgment, Murray is required to produce some evidence which would be admissible at trial supporting his claims of constitutional violations. *See* Rule 56(e), *Federal Rules of Civil Procedure*. Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). Thus, when a plaintiff fails to make a showing sufficient to establish the

existence of an element essential to his case, and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving part, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Consequently, where all the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to any material fact); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

4

Although factual inferences must be viewed in a light most favorable to the nonmoving party, and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Murray has failed to demonstrate that there is a genuine issue of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

### III.  DISCUSSION

*A. The Due Process Claims*

Murray asserts that Defendant violated his due process right to be fairly considered for parole. Specifically, Murray asserts that Defendant made false statements with respect to his reputation and behavior in prison as a basis for denying him parole. Believing Defendant's conduct reflective of bias as well as arbitrariness and capriciousness in her decision to deny him parole, Murray requests trial by jury and seeks damages and injunctive relief including Defendant's removal from the Board of Pardons and Paroles. Murray's claims arising from an alleged lack of due process in the denial of parole entitle him to no relief.

*i. The Claims for Monetary Damages*

Murray seeks monetary damages from Defendant with respect to actions undertaken in the parole consideration process. This Circuit has long recognized that parole board members are entitled to quasi-judicial immunity from suits requesting damages based upon

decisions to grant, deny or revoke parole. *Fuller v. Georgia State Board of Pardons and Parole*, 851 F.2d 1307 (11th Cir. 1988); *Cruz v. Skelton,* 502 F.2d 1101, 1101-02 (5th Cir. 1974). The actions about which Murray complains concern proceedings related to his consideration for release on parole. Under these circumstances, the actions of the defendant parole board member are inextricably intertwined with her decision-making authority, and she is, therefore, absolutely immune from damages. Thus, Murray's claim for monetary damages against Defendant is subject to dismissal. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

  *ii. The Claims for Injunctive and/or Declaratory Relief*

"The Alabama [parole] statute . . . calls for discretionary rather than mandatory action on the part of the board. The law directs the board to consider a number of factors in making their determination, which is a subjective rather than objective determination. It does not contain any language that mandates parole . . . When the statute is framed in discretionary terms there is not a liberty interest created." *Thomas v. Sellers*, 691 F.2d 487, 489 (11th Cir. 1982). This court's exhaustive review of the history of the Alabama parole statute likewise establishes that from its inception the statute has been framed in discretionary terms. The law is well settled that "[t]he mere possibility of parole provides simply 'a hope that is not protected by due process . . .' *Greenholtz,* 442 U.S. at 11, 12, 96 S.Ct. at 2105, 2106 (1979). . . . [Moreover], the Alabama parole statute frames the Parole Board's authority in discretionary terms, and thus does not create for Alabama prisoners a protected liberty interest in the expectation of parole. *See Thomas v. Sellers,* 691 F.2d 487 (11th Cir. 1983)."

*Ellard v. Alabama Bd. of Pardons and Paroles*, 824 F.2d 937, 942 (11th Cir. 1987).

> Unless there is a liberty interest in parole, the procedures followed in making the parole determination are not required to comport with standards of fundamental fairness. *See Brown v. Lundgren*, 528 F.2d 1050 (5th Cir.), *cert. denied*, 429 U.S. 917, 97 S.Ct. 308, 50 L.Ed.2d 283 (1976). In *Staton v. Wainwright*, 665 F.2d 686 (5th Cir. 1982) (former Fifth Circuit decision), the court concluded that no liberty interest in parole was created by the Florida statutes. The court, therefore, rejected appellant's claim that his due process rights were violated when he did not receive an initial parole interview within the time required under the parole laws. The analysis in *Staton* was adopted by the Eleventh Circuit in *Hunter v. Florida Parole and Probation Commission*, 674 F.2d 847 (11th Cir. 1982), where the court held that no due process violation could be shown through an allegation that the Florida Parole and Probation Commission improperly calculated a prisoner's "presumptive parole release date."

*Slocum v. Georgia State Board of Pardons and Paroles*, 678 F.2d 940, 942 (11th Cir. 1982).

Murray does not possess a liberty interest in being granted parole that is protected by the Due Process Clause. *Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir. 1991); *Ellard*, 824 F.2d at 941-942; *Thomas*, 691 F.2d at 488-489. Thus, the procedural due process protections of the Fourteenth Amendment do not apply to the parole decision making process. *Thomas*, 691 F.2d at 488-89. *See also Slocum*, 678 F.2d at 942 (failure to provide parole review within time required under parole laws or properly calculate presumptive date of release on parole does not constitute a violation of due process).

Murray conclusorily asserts that Defendant acted "outside rules and regulations" and violated state law by her decision to deny him parole.[2] (*Doc. No. 1 at 3*.) Federal courts,

---

[2] Murray does not provide any specifics with regard to his claim that Defendant violated state law, merely contending that she "act[ed] outside of Code of Alabama 1975 Title 15." (*Doc. No. 1 at 3*.)

however, no longer ascertain whether a state created a constitutionally protected liberty interest by parsing language of statutes and regulations to determine if the language was "of an unmistakably mandatory character" placing "substantive limitations on official discretion" but must instead look to the nature of the deprivation to determine if a state created a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). As previously noted, an Alabama inmate has no liberty interest in parole protected by the Due Process Clause. Although "States may under certain circumstances create liberty interests which are protected by the Due Process Clause[,]... these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, ... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. "Since an inmate is normally incarcerated in prison, [the plaintiff's remaining in prison following a denial of parole] did not impose atypical and significant hardship on him in relation to the ordinary incidents of prison life and, therefore, did not deprive him of a protected liberty interest." *Asquith v. Department of Corrections*, 186 F.3d 407, 412 (3rd Cir. 1999).

Nevertheless, even though there is no liberty interest involved, a parole board may not engage in "flagrant or unauthorized action." *Thomas*, 691 F.2d at 489. Defendant maintains that she denied Murray parole because she, along with her two fellow parole board members, was not persuaded that Murray presented an acceptable risk for release on parole.

Defendant's decision demonstrates reasonable and appropriate action, *Hendking v. Smith*, 781 F.2d 850, 853 (11th Cir. 1986), rationally related to the legitimate state interest of ensuring that only those inmates best suited for parole are actually granted this privilege. *Cf. Conlogue v. Shinbaum*, 949 F.2d 378 (11th Cir. 1991); *see also Thornton v. Hunt*, 852 F.2d 526 (11th Cir. 1988). Murray has therefore failed to present any evidence indicating arbitrary or capricious action on the part of Defendant. Murray also has not come forward with any evidence which establishes bias on the part of Defendant. The undisputed evidence before the court does not disclose extreme conduct which deprived the parole hearing proceedings of fundamental fairness. *See Nash v. Auburn University*, 812 F.2d 655, 665 (11th Cir. 1987); *N.L.R.B. v. Webb Ford, Inc.*, 689 F.2d 733 (7th Cir. 1982). Rather, the evidence affirmatively demonstrates that Defendant made her decision to deny Murray parole based on his criminal and institutional history. While Defendant may have had more familiarity with Murray and his background than her Board member counterparts, this fact does not equate to much less demonstrate bias and certainly does not do so in this case. Consequently, the motion for summary judgment with respect to Murray's due process claims should be granted in favor Defendant.

*B. The False Information Claim*

To the extent Murray complains that Defendant relied on false information in his prison filed to deny him parole, he is entitled to no relief. Defendant does not admit that the information utilized in the decision-making process is false. (*Doc. No. 7, Weatherly*

9

*Affidavit*.) While *Monroe v. Thigpen*, 932 F.2d 1437 (11th Cir. 1991) establishes a constitutional claim for the knowing use of false information by parole officials, the instant case is controlled by *Slocum v. Georgia State Bd. of Pardons and Paroles*, 678 F.2d 940 (11th Cir.1982). In *Slocum*, the Court held that prisoners do not state a due process claim by merely asserting that erroneous information exists in their prison files. Moreover, Murray merely asserts that Defendant based her decision to deny parole on false information. This does not state a claim for relief and Defendant is, therefore, entitled to summary judgment on this claim.

*C. The State Law Claim*

As previously noted, Murray alleges that Defendant's decision to deny him parole also violated state law. Review of this claim is appropriate only upon exercise of this court's supplemental jurisdiction. In the posture of this case, however, the court's exercise of supplemental jurisdiction would be inappropriate.

For a federal court "[t]o exercise [supplemental] jurisdiction over state law claims not otherwise cognizable in federal court, 'the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a "common nucleus of operative fact."'" *L.A. Draper and Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984). The exercise of supplemental jurisdiction is completely discretionary. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims." *L.A. Draper*

10

*and Son*, 735 F.2d at 428.  In view of this court's resolution of the federal claims presented in the complaint, Murray's pendent state claims are due to be dismissed.  *Gibbs,* 383 U.S. at 726 (if the federal claims are dismissed prior to trial, the state claims should be dismissed as well); *see also Ray v. Tennessee Valley Authority*, 677 F.2d 818 (11th Cir. 1982).

### IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendant's motion for summary judgment (*Doc. No. 5*) be GRANTED;

2. Judgment be GRANTED in favor of Defendant and against Plaintiff;

3. This case be DISMISSED with prejudice;

4. The costs of this proceeding be taxed against Plaintiff for which execution may issue.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **November 21, 2007**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the

District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 13th day of November 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE